**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| IN RE: | CHAPTER 7 CASE |
|---|---|
| ORMAN, TRAVIS B | |
| ORMAN, JENNIFER J | CASE NO. 07-05779 ABG |
| | JUDGE A. Benjamin Goldgar |
| Debtor(s) | |

**TRUSTEE'S FINAL REPORT**

To:   THE HONORABLE A. Benjamin Goldgar
BANKRUPTCY JUDGE

NOW COMES ILENE F. GOLDSTEIN, Trustee herein, and respectfully submits to the Court and to the United States Trustee her Final Report and Account in accordance with 11 U.S.C. §704(9).

1.    ILENE F. GOLDSTEIN was appointed as the Chapter 7 trustee ("Trustee"). The Petition commencing this case was filed on 03/31/07. The Trustee was appointed on 03/31/07. An order for relief under Chapter 7 was entered on 03/31/07. The Trustee's case bond is posted in favor of the United States of America and is included as part of the Trustee's blanket bond.

2.    The Trustee certifies that she has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code. The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge. The Trustee certifies that this estate is ready to be closed. The tasks performed by the Trustee are set forth on Exhibit A. The Trustee has not found it advisable to oppose the Debtor(s) discharge.

3.     The disposition of estate property is set forth in Exhibit B.   The

property abandoned, or sought to be abandoned, along with the reasons for

such abandonment, is described in Exhibit B.

4.     A summary of the Trustee's Final Report as of February 27, 2009 is

as follows:

|  | | |
|---|---|---|
| a.  RECEIPTS (See Exhibit C) | $ | 5,002.79 |
| b.  DISBURSEMENTS (See Exhibit C) | $ | 4.37 |
| c.  NET CASH available for distribution | $ | 4,998.42 |
| d.  TRUSTEE/PROFESSIONAL COSTS 1.  Trustee compensation requested (See | $ | 1,250.28 |

Exhibit E)

|  | | |
|---|---|---|
| 2.  Trustee Expenses (See Exhibit E) | $ | 0.00 |
| 3.  Compensation requested by attorney or | | |

other

|  | | |
|---|---|---|
| professionals for trustee (See Exhibit F) | $ | 2,527.80 |
| e.  Illinois Income Tax for Estate (See | $ | |

Exhibit G)                                                                          00.00

5.     The Bar Date for filing unsecured claims expired on 07/11/08.  .

6.     All claims filed in this case with the Clerk of the Bankruptcy Court

have been reviewed by the Trustee.   The actual dollar amount of claims

allowed and/or requested for this estate is as follows:

|  | | |
|---|---|---|
| a.  Allowed unpaid secured claims | $ | 0.00 |
| b.  Chapter 7 Administrative and 28 U.S.C. §1930 claims | $ | 3,778.08 |
| c.  Allowed Chapter 11 Administrative Claims | $ | 0.00 |
| d.  Allowed priority claims | $ | 0.00 |
| e.  Allowed unsecured claims | $ | 21,486.60 |

7.    Trustee proposes that unsecured creditors receive a distribution of 5.68% of allowed claims.

8.    Total compensation and expense previously awarded to Trustee's counsel, accountant or other professional was $0.00.   Professional's compensation and expense requested but not yet allowed is $2527.80 .  The total of Chapter 7 professional fees and expenses requested for final allowance is $2527.80. (A summary of the professional fees and expenses previously requested is attached hereto as Exhibit G.)

9.    A fee of $950.00  was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

10.   A fee of $N/A was paid to a bankruptcy petition preparer for services rendered in connection with this case, and no basis appears to request an examination of these fees pursuant to 11 U.S.C. §329.

    **WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowances of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

Dated: _____

RESPECTFULLY SUBMITTED,


By: _____

ILENE F. GOLDSTEIN, Trustee
Law Offices of Ilene F. Goldstein, Chartered
850 Central Ave.,  Suite 200
Highland Park, Illinois 60035
Telephone # (847) 926-9595